SHIPP *v.* METROPOLITAN LIFE INS. Co.*

(Division B.    Feb. 28, 1927.)

[111 So. 453.    No. 26317.]

INSURANCE.    *Recovery under policy providing compensation for total and permanent disability may be had only where disability is both total and permanent.*

Under policy providing for compensation for total and permanent disability, recovery can be had only where disability is both total and permanent.

*Corpus Juris-Cyc. References: Accident Insurance, 1CJ, p. 463, n. 30 New. As to what constitutes total disability within meaning of Life insurance policy, see annotation in 38 L. R. A. 529; 23 L. R. A. (N. S.) 352; 29 L. R. A. (N. S.) 635; 34 L. R. A. (N. S.) 126; L. R. A. 1917B, 108. As to when insured is deemed to be totally and con-

tinuously unable to transact all business duties within meaning of accident insurance, see annotation in 24 A. L. R. 2031, 37 A. L. R. 151; 41 A. L. R. 1376; 14 R. C. L. 1316; 3 R. C. L. Supp. 381; 4 R. C. L. Supp. 960; 5 R. C. L. Supp. 812.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

Suit by J. E. Shipp against the Metropolitan Life Insurance Company. Judgment sustaining a demurrer to the declaration, and plaintiff appeals. Affirmed.

*Morse & Bryan,* for appellant.

The lower court erred in holding that under the averments of the declaration, appellant was not "totally and permanently disabled." He was totally disabled for a period of eight months; he was *permanently* disabled for all time, although the disability itself was not total after the eight months. Must the two conditions, namely total disability and permanent disability, so-exist through all time before the insured is entitled to receive the benefits provided for in his policies?

To so hold would assume that the parties by their contracts intended that the insured would be in a condition equivalent to a state of complete coma, with nothing but the bare spark of life within, before he could recover.

Contracts of insurance must be construed according to the true intention of the parties as determined by the courts and will be so enforced; yet, if the clauses appearing in insurance contracts are ambiguous or are susceptible of two constructions then, under the overwhelming weight of authority, that construction most favorable to the insured must be given it. See *Germania Life Ins. Co.* v. *Bouldin,* 100 Miss. 660, 56 So. 609; *Eminent Household of Columbian Woodmen* v. *Bunch,* 115 Miss. 512, 76 So. 540, Ann. Cas. 1918C 110; *U. S. Fidelity & Guaranty Co.* v. *Hood,* 124 Miss. 548, 87 So. 115, 15 A. L. R. 605; *Liverpool, etc., Ins. Co.* v. *Van Os,* 63 Miss. 431,

56 Am. Rep. 810; *Shivers* v. *Farmers Mut. Fire Ins. Co.,* 55 So. 965; *Boyd* v. *Miss. Home Ins. Co.,* 75 Miss. 47, 21 So. 708.

It is true that two constructions have been given to similar causes as here presented, as is evidenced by the fact that two state courts of last resort have passed upon the question, and, seemingly, have reached opposite conclusions. The supreme court of Georgia in *Penn Mutual Life Ins. Co.* v. *Milton* (1925), 127 S. E. 140, 40 A. L. R. 1382, has decisively settled the matter in favor of appellant. The court of appeals of New York in *Ginell* v. *Prudential Ins. Co.* (1923), 237 N. Y. 554, 143 N. E. 740, has taken the contrary view. We confine our argument to that so ably written by the supreme court of Georgia in the above cited case.

*Wells, Stevens & Jones,* for appellee.

I. For authorities with reference to and limiting the rule of construction sought by appellant to have adopted by this court in reaching the conclusion that ambiguity existed which authorized and required the court to adopt the more favorable construction as against the insurance company and in favor of the insured, See:—32 C. J., page 1158; 14 R. C. L., page 926, paragraph 103; 1 Cooley, Law of Insurance, page 637; *Guarantee Co. of North America* v. *Mechanic's Savings Bank,* 183 U. S. 402, 46 L. Ed. 253; *Interstate Business Men's Accident Ass'n* v. *Lewis,* 257 Fed. 241; *Maryland Casualty Co.* v. *England,* 8th Circuit, 1924, 2 Fed. (2nd Series) 795; *Ponder* v. *Lamar Life Ins. Co.,* 6 Fed. (2nd Series) 297; *Miss. Mut. Ins. Co.* v. *Ingram,* 34 Miss. 215; *Co-Operative Life Ins. Co.* v. *Leflore,* 54 Miss. 1; *Am. Life & Accident Ins. Co.* v. *Nirdlinger,* 113 Miss. 74; *Continental Casualty Co.* v. *Hall,* 118 Miss. 871 at 874; *Hiatt* v. *Travelers Ins. Co.* (La.), 33 A. L. R. 655.

II. The contract to be construed by this court provides insurance as expressly stated against total and

permanent disability.   What constitutes permanent and total disability?   See *Rhodes* v. *Ry. Passenger Ins. Co.,* 5 Lansing (N. Y.) 77; *Hutchinson* v. *Supreme Tent K. M. etc.,* 22 N. Y. S. 803; *Lyon* v. *Ry. Passenger Assurance Co.,* 46 Ia. 631; *Pennington* v. *Pac. Mut. Life Ins. Co.,* 85 Ia. 468; *Alvert* v. *Order of Chosen Friends,* 34 Fed. 721; *Supreme Tent of Maccabees* v. *King,* 79 Ill. App. 145; *Whitton* v. *Am. Nat'l Life Ins. Co.,* 87 S. E. (Ga.) 827; *Buckner* v. *Jefferson Standard Ins. Co.,* 90 S. E. (N. C.) 897.

In the case at bar the plaintiff, when he took out this insurance, ran a store, and now after the expiration of his eight months of disability, which during that time he claimed to be total, is again merchandising.   Therefore, in this case, at the expiration of eight months and now, the plaintiff is not prevented from "engaging in any occupation and performing any work for compensation or profit," but is engaged in the same occupation he was before his disability and is performing the same work for compensation and profit.

There is no stipulation here that after a certain length of time, a total disability will be presumed to be permanent.   Therefore, no cases based upon such a provision have any bearing whatsoever on the case at bar.

The effort of counsel for appellant to place this court in the dilemma of being compelled either to hold with counsel for appellant and reverse this case, or to lay down the rule that no person is totally or permanently disabled until such person is in a state of coma and remains in a state of coma until death, is untenable.

In our view, a reasonable definition of permanent disability is such disability as will probably be permanent in the light of experience and medical science.   See *Fed. Life Ins. Co.* v. *Lewis,* 183 Pac. 975.

Holden, P. J., delivered the opinion of the court.

Appellant brought this suit to recover two hundred forty dollars under a policy of insurance which provided

for compensation for "total and permanent disability." A demurrer was sustained to the declaration, from which judgment this appeal is prosecuted.

As we understood the record, the case turns upon one point, and that is whether or not the declaration states a cause of action under the policy with reference to the provision for compensation for total and permanent disability. It appears that the insured was totally disabled for a period of eight months, when he recovered to the extent that the disability was not total, but was partial and permanent after that time. The decisive question is whether the provision of the policy means that the disability must be both total and permanent before liability exists. To state it in different words, the insured was totally disabled for eight months, but only partially disabled after that time, but the partial disability was permanent. Does this condition come within the provision of liability for "total and permanent disability?" We think not. The judgment of the lower court, sustaining the demurrer, was correct. The provision means that, before the insured can recover thereunder, his disability must be both total and permanent at the same time. This may be a hard contract of insurance, but we see no other construction to be given the provision of the policy.

*Judgment of lower court affirmed.*