METROPOLITAN LIFE INSURANCE COMPANY *v.* MISS CORDIE NOE.

(*Knoxville,* September Term, 1930.)

Opinion filed October 11, 1930.

KELLY & PENN, DODSON & FERGUSON and KENNERLY & KEY, for plaintiff in error.

JOHN R. TODD, JR. and R. B. DADE, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought by an employee of Kingsport Hosiery Mills on the disability clause of a group policy, under which she held a certificate providing for payment at death of $1000, and in case of total and permanent disability wholly incapacitating her for work, payment in monthly installments of $51.04 during continuance of

disability up to the limit of $1000. She alleged permanent and total disability, and this issue was presented to the jury, which found for plaintiff. From a judgment for the lump sum of $1000, the total liability fixed by the policy, the Company appealed. The Court of Appeals modified the judgment so as to reduce the recovery to $570.15, the sum of the monthly payments provided for by the policy which had accrued to the bringing of the suit, leaving any balance which might later accrue for future determination. Petition of the Company for *certiorari* has been granted and argument heard by this Court.

Relying upon certain language in the opinion of the Court of Appeals, petitioner complains that the Court has construed the policy as providing for total temporary disability and on this theory, despite a finding that a case of permanent disability was not shown, has affirmed the judgment with the modification mentioned.

While certain language in the opinion does imply a doubt as to the sufficiency of the evidence on this question of permanent disability, and while the limitation of liability under the policy to cases of *permanent* total disability is not clearly recognized in the opinion, we think that an analysis of the opinion as a whole fails to sustain the contention of petitioner as to its meaning. Certainly we find no error in the result reached by the Court of Appeals modifying and affirming the judgment as above stated.

It is apparent that the policy undertakes to pay a monthly sum for disability only when a condition of *permanent* total disability has been shown to exist. However, a showing requisite to set in motion the monthly installment payments under the disability clause need

not be absolute,—such as would be afforded by death. The disability clause contemplates continuance of life, and while there is life there is hope, however, faint. Defining "permanent," Bouvier's Dictionary says, "This word does not always embrace the idea of absolute perpetuity; 8 Barb., 185; or forever or lasting forever, or existing forever; 136 U. S., 393; 2 N. J. Eq., 155."

In insurance parlance the phrase "totally and permanently disabled" contemplates a physical condition at the time of the claim which reasonably convinces the judging authorities that (a) the subject is then totally disabled, and (b) will so remain for life.

These are issues of fact to be determined on the evidence adduced in each individual case. The jury or judge may look to the physical appearance of the claimant and the history of the case, and consider lay and expert testimony and determine whether (a) the disability is total, that is, incapacitating the claimant for any remunerative occupation; and (b) whether it will be permanent, that is lasting or continuous, as distinguished from temporary merely, with a promise or affording a probability of recovery.

That this is the sense and intent of provisions in the policy before us, is supported by the language which limits the recovery, as held by the Court of Appeals, to monthly payments, with express provision for discontinuance of these payments, "in the event of the recovery of the employee from such disability before all installments have been paid," in which event, "payment of such installments on account of such employee shall cease." It is thus clear that the contract contemplates the accrual of liability for installment payments under

conditions which may prove temporary only, although at the time indicative of permanancy.

Counsel for petitioner say in their brief that they submit "only two controlling questions for the determination of this Court, to-wit: 1. The question of fact as to whether plaintiff's disability is permanent, and, 2, the question of law as to whether the defendant's contract of insurance sued on insured against total temporary disability."

We have disposed above of the question of law in the negative, holding, in harmony with authorities relied on by petitioner, that liability arises under the disability clause only in cases where the disability is found to be total and permanent, in the sense and under the conditions we have indicated.

With respect to the question of fact, the inquiry here is confined to whether or not there was material evidence before the jury of permanent disability. If so, the judgment as modified by the Court of Appeals must be affirmed.

The jury saw and heard the plaintiff and had opportunity to observe and judge of her physical condition, and to weigh the indications thus afforded of the probabilities of its continuance. There was convincing evidence that her disability was total in the sense of the contract at the trial in November, 1928, and that this condition had then continued since July, 1927, a year and four months. She had lost weight from 110 to 85 pounds. The testimony of plaintiff and her parents was indicative of an absence of hope for her recovery, in view of her failure to respond to medical treatment. A written report made by her physician to the Company in February, 1928, introduced on the trial and made an exhibit, stated that, "Miss Noe is under my care and she is permanently and

totally disabled from following any occupation for a livelihood and in my opinion and from her condition, I find that she is gradually growing worse.'' This physician testified on the trial that he had been treating her for pellagra and attendant complications since July 1927, that she was at the time totally disabled, saying, ''and I consider at the present time that she is totally and if you want to say permanently affected,'' etc. He added that such cases do sometimes get well. It is insisted that on cross-examination he withdrew his statement as to permanency, but we think it fairly deducible that what he meant was to disclaim a purpose to speak positively as to the future. On the whole, we think the jury was justified in construing his testimony as an expression of opinion that her condition would prove permanent, while unwilling to speak positively as to the future. Two doctors who testified for the Company, after examining her, summed up by expressing the opinion that her condition was probably not permanent. But they found her running temperature, with pelvic disturbances suggesting surgical treatment, ovaries affected, trouble in abdomen and particularly lower quadrant. Said one of them, ''I do not think she is permanently disabled.'' On these facts and testimony, we are unable to say that there was no material evidence before the jury that this woman was permanently disabled in the sense contemplated by the terms of this insurance contract. Her condition and history afforded much ground for the conclusion that her serious physical impairment was not temporary, but would continue.

The judgment of the Court of Appeals as modified will be affirmed.