ALEXIS J. GRENON *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

JULY 2, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of assumpsit to recover disability benefits claimed to be due to plaintiff on two policies of insurance. In the Superior Court at the conclusion of plaintiff's evidence the defendant rested its case and moved for the direction of a verdict. This motion was granted and the case is in this court on plaintiff's exception to the direction of the verdict.

The facts are undisputed. On January 28, 1927, plaintiff, a resident of the city of Woonsocket, applied for and obtained from defendant, two policies insuring his life; one in the amount of $15,000, the other in the amount of $10,000. Each policy contained a supplementary contract attached to and made a part of the life insurance policy, the relevant parts of which are as follows:

> "Total and Permanent Disability. Waiver of Premiums and Payment of Monthly Income. Supplementary contract attached to and made part of Life Insurance Policy Numbered . . . issued on the life of Alexis J. Grenon, Metropolitan Life Insurance Company. In consideration of . . . payable annually as an additional premium herefor . . . .
>
> "The company agrees that upon receipt by the company at its home office in the City of New York of due proof, on forms which will be furnished by the company, on request that the insured has, while said policy and this supplementary contract are in full force and

prior to the anniversary date of said policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability.

"1. Waive the payment of each premium falling due under said policy and this supplementary contract, and,

"2. Pay to the insured, or a person designated by him, . . . a monthly income of $10 for each $1000 of insurance . . . .

"Such waiver shall begin as of the anniversary of said policy next succeeding the date of the commencement of such disability, and such payments shall begin as of the date of the commencement of such disability, provided, however, that in no case shall such waiver begin as of any such anniversary occurring, nor shall such payments begin as of a date, more than six months prior to the date of receipt of the required proof."

December 3, 1928, plaintiff became ill with neurasthenia. This illness continued until July 3, 1929, when plaintiff recovered. During this seven months' illness it is admitted that plaintiff was unable to work. In May, 1929, plaintiff filed with defendant a statement of his claim for total and permanent disability containing the required certificate of his physician. In this certificate it was stated that plaintiff was not confined to his house, that he spent his time in the fresh air, was unable to work because of nervousness, that his disability was not permanent; that he was much improved when last seen by the physician on April 15, 1929, and "prognosis is good."

Defendant refused to pay plaintiff's claim on the ground that the proof did not show total and permanent disability.

This action was begun by writ of summons issued April 7, 1931.

The question is: was the disability of plaintiff a total and permanent disability? As the facts are undisputed, the question is one of law, not of fact.

Plaintiff's disability for seven months is admitted to have been total. This disability lasted only for a limited time, was not permanent and was never considered to be so.

These are not accident and health policies. The evident purpose of this form of policy is to protect the insured from the financial loss caused by a lasting total disability. The insurer agrees to pay certain monthly income to the insured and to waive payment of premiums on the receipt of due proof that the insured has for an uninterrupted period of at least three months preceding the presentation of proof of claim become totally and permanently disabled so as to be prevented from performing any work for compensation or profit; it is also provided that in no case shall the waiver of premiums or payments of income begin earlier than six months prior to the required proof of claim.

The fact that plaintiff proved a total temporary disability does not entitle him to compensation. The proof required is of total and permanent disability. The word permanent does not mean temporary. Its normal and natural meaning in an insurance policy is the same as it is in common everyday speech. Unless the provisions of the entire policy clearly show that a vital word is inaccurately used such word should be given its usual meaning.

The policy also provides as follows: "Notwithstanding that proof of disability may have been accepted by the company as satisfactory, the insured shall at any time, on demand from the company, furnish due proof of the continuance of such disability, but after such disability shall have continued for two full years the company will not demand such proof more often than once in each subsequent year. If the insured shall fail to furnish such proof, or if the insured shall be able to perform any work or engage in any

business whatsoever for compensation or profit, the monthly income herein provided shall immediately cease, and all premiums thereafter falling due shall be payable according to the terms of said policy and of this supplementary contract."

The provision for the beginning of payments was clearly intended to secure to the insured the benefits of the policy when there was doubt whether the total disability was permanent.

In the case at bar there was and is no doubt or uncertainty as to the permanency of the disability. The language of the policy is not technical, it is clear and does not warrant two interpretations. As there was no permanent disability plaintiff can not recover. The weight of authority is in accord with our interpretation of this provision in the policy. *Ginell* v. *Prudential Ins. Co.*, 237 N. Y. 554; *MacKenzie* v. *Equitable Life Ass. Soc.*, 251 N. Y. Supp. 528; *Hawkins* v. *John Hancock Mut. Life Ins. Co.*, 205 Ia. 760; *Metropolitan Life Ins. Co.* v. *Blue*, 222 Ala. 665; *Shipp* v. *Metropolitan Life Ins. Co.*, 146 Miss. 18; *Brod* v. *Detroit Life Ins. Co.*, 253 Mich. 545.

Plaintiff relies much on the case of *Penn. Mutual Life Ins. Co.* v. *Milton*, 160 Ga. 168. In that case it was decided that a disability which lasted sixteen months and from which the insured had recovered was a permanent disability within the meaning of the provision of a policy of insurance. The court based its decision upon the construction of the terms of the policy and an implication therein that the insurer contemplated that the disability of the insured might not be permanent and consequently was liable for a total and temporary disability. This case has not been generally followed and is fairly open to the criticism that it does not give due weight to the plain language of the policy.

For the reasons stated the exception of the plaintiff is overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Higgins & Yaraus,* for plaintiff.

*Tillinghast, Morrissey & Flynn,* for defendant.