## Commonwealth Life Insurance Co. v. Ovesen.

(Decided Jan. 22, 1935.)

FAUREST & FAUREST for appellant.

O. M. MATHER and L. B. HANDLEY for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In October, 1928, the appellant, Commonwealth Life Insurance Company, for a paid premium, issued to August Ovesen an insurance policy in the sum of $5,000, in which it was provided that if, while the policy was in force and effect and before the insured reached the age of 60, he should, as a result of injury or disease, ''become totally and permanently disabled so as to be unable at any time to perform any work or engage in any business of any kind, character or description for compensation or profit,'' the company would pay him a monthly income of 1 per cent. of the face of the policy, which amounted to $50 per month.

In September, 1933, the appellee instituted this suit in the Larue circuit court to recover the monthly income provided in the policy, for the months of March, April, May, June, July, August, and September, 1933.

The appellant denied that appellee was totally or permanently or at all disabled. A trial was had and resulted in a verdict and judgment in favor of the appellee for $350, and appellant has moved this court to grant an appeal and asked a reversal of that judgment.

The appellant complains of the following alleged errors: (1) The overruling of its motion for a continuance, (2) the overruling of its motion for a peremptory instruction; (3) error in instruction given and refusing to give instruction offered by appellant; and (4) that the verdict and judgment are not supported by sufficient evidence.

Without giving a detailed resume of the evidence, it is sufficient to say that we have examined the evidence and find it to be conflicting and somewhat vague and uncertain with respect to the permanency of appellee's disability; but our conclusion is that the evidence was sufficient to go to the jury, and the trial court did not err in refusing to direct a verdict for appellant, defendant below. But, as the case will be reversed on another

ground, we do not express an opinion as to the sufficiency of the evidence to sustain the verdict and judgment.

It is strenuously argued that instruction No. 1 given by the court is erroneous. This instruction reads:

"If the jury believe from the evidence that from March 1, 1933, to October 1, 1933, or during any part of said time the plaintiff, August Ovesen, was as the result of injury or disease totally and permanently disabled so as to be unable to do substantially or practically all material acts in the transaction of his business as a farmer in his customary and usual manner, you should find for the plaintiff at the rate of $50.00 per month during such period of said time as he was so permanently and totally disabled, not exceeding 7 months at said rate, or $350.00. Unless you so believe from the Evidence, you should find for the defendant."

Under the above instruction the jury was authorized to find for the insured, appellee, for the whole of the seven months' period or a part of that time. The word "permanent" means continuing and lasting, and therefore the instruction given was inconsistent with that provision of the policy requiring insured's disability to be "permanent."

The policy does not provide for compensation in case of total disability alone, but total and permanent disability. In construing the policy under consideration, it must not be confused with those contracts which provide only for total disability without regard to its duration or with that class which provide that a disability that had continued for a certain specified time would be presumed to be permanent. The policy under consideration has neither of the above provisions. Hence the permanency of appellee's disability was a question of proof. As used in insurance policies, the term "permanent" may not mean it must be shown that the disability must continue throughout the lifetime of the insured, for the very obvious reason that in a great many instances it would be impossible or at least very impracticable, as a matter of proof, to show such duration. But it certainly connotes the idea that the disability must be something more than temporary in its nature and at least presumably permanent. Mutual

Life Ins. Co. of New York v. Wheatley, 243 Ky. 69, 47 S. W. (2d) 961, 963. In the case supra it is said:

> "The term 'total' implies a concept of completeness without regard to time. * * * The term 'permanent' implies a concept of time. * * * And so the expression 'totally and permanently disabled' appearing in the first clause of the policy means a disability complete in its nature and more than temporary in its character—one, at least, that in all human probability will continue for a long and indefinite period of time."

To the same effect, see New York Life Ins. Co. v. Gunn, 253 Ky. 596, 69 S. W. (2d) 1018.

However, in such cases, if the insured should recover from a disability which has been adjudged permanent, the insurer is not without its remedy to have such judgment modified so as to conform to the contract.

The instruction complained of uses the words "totally" and "permanently disabled," etc., but the court failed to define or explain to the jury the meaning of the terms or distinguish their meaning as used in the policy, and for this reason in all reasonable probability the jury may have become confused with respect thereto. The court should have defined these terms to the jury, in substance, that totally disabled mean wholly unable to do substantially or practically all material acts in the transaction of the insured's business as a farmer in his customary and usual manner; and the word "permanent" means that his disabilities are such as to be lasting and indefinite, from which he would not recover.

The proof conduced to show that insured's alleged disability had existed for about seventeen months; but, under the terms of the policy, even this period of time is not conclusive that his disability was permanent. Ginell v. Prudential Ins. Co., 119 Misc. 467, 196 N. Y. 337.

In Metropolitan Life Ins. Co. v. Noe, 161 Tenn. 335, 31 S. W. (2d) 689, 690, it is said:

> "In insurance parlance the phrase 'totally and permanently disabled' contemplates a physical condition at the time of the claim which reasonably convinces the judging authorities that [a] the subject is then totally disabled, and [b] will so remain for life."

Unless the meaning of a word or term is so simple and well known as not to require a definition, the court should not leave it to the speculation of the jury to draw its own conclusion or estimate as to its meaning. Romans v. McGinnis, 156 Ky. 205, 160 S. W. 928; W. G. Duncan Coal Co. v. Thompson's Adm'r, 157 Ky. 304, 162 S. W. 1139; Kroger G. & B. Co. v. Hamlin, 193 Ky. 116, 235 S. W. 4; City of Bowling Green v. Peterson, 199 Ky. 311, 251 S. W. 187; Louisville Cooperage Co. v. Collins, 212 Ky. 819, 280 S. W. 137; Ross v. Burton, 218 Ky. 765, 292 S. W. 301.

Our conclusion is that the court erred in failing to define the terms referred to in substance as above indicated.

It becomes unnecessary to pass upon other questions raised, as they may not occur on another trial.

The appeal prayed is granted, and the judgment is reversed and remanded, with directions to grant appellant a new trial and for proceedings consistent with this opinion.