CHARLES S. YOFFA *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk.    November 12, 1937. — October 24, 1939.

Present: FIELD, C.J., LUMMUS, QUA, & DOLAN, JJ.

*Insurance,* Disability.

Evidence merely that the insured under a policy of disability insurance sustained a fracture of a bone in his knee and toe and a strain of his other leg and was totally disabled thereby for three and a half months, when he returned to work, would not have warranted a finding that he was permanently disabled and entitled to recover under a provision of the policy for payments upon proof that he had "become totally and permanently disabled . . . and that such disability has already continued uninterruptedly for . . . at least three months."

CONTRACT. Writ in the Superior Court dated January 16, 1934.

After ordering a verdict for the defendant, *Beaudreau,* J., reported the case.

*A. M. Yoffa,* for the plaintiff.

*D. E. Murphy,* (*W. A. Ryan* with him,) for the defendant.

LUMMUS, J. This is an action for disability benefits under a policy of life insurance. The policy provided that upon due proof that the insured "has . . . become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said

policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it [the defendant] will, during the continuance of such disability, . . . pay to the insured . . . a monthly income of $10 for each $1,000 of insurance . . . under said policy. . . . Notwithstanding that proof of disability may have been accepted by the company as satisfactory, the insured shall at any time, on demand from the company, furnish due proof of the continuance of such disability, but after such disability shall have continued for two full years, the company will not demand such proof more often than once in each subsequent year. If the insured shall fail to furnish such proof, or if the insured shall be able to perform any work or engage in any business whatsoever for compensation or profit, the monthly income herein provided shall immediately cease." See G. L. (Ter. Ed.) c. 175, § 24; *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575, 584.

The evidence for the plaintiff showed that he was disabled by an "accident" on September 17, 1932, and was unable to do any business until January 3, 1933. After that time he managed to go to his office every day though at first with difficulty, and to attend to business. The judge directed a verdict for the defendant, and reported the case. The question is, whether the disability was permanent, within the meaning of the policy.

The word "permanent" is the opposite of temporary or transient. It is not a synonym for eternal, endless or lifelong. For example, a contract for permanent employment gives no right to employment for life. See the cases collected in *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 133, 134. Under an insurance policy, a disability is permanent if it will continue for an indefinite period which is likely never to end, even though recovery at some remote or unknown time is possible. But if recovery is reasonably certain after a fairly definite time, the disability cannot be classed as permanent. Earlier cases in this Commonwealth are not decisive, but cases in a number

of other jurisdictions support what we have just said. *New England Mutual Life Ins. Co.* v. *Hurst,* 174 Md. 596. *Garden* v. *New England Mutual Life Ins. Co.* 218 Iowa, 1094. *Commonwealth Life Ins. Co.* v. *Ovesen,* 257 Ky. 622. *Maze* v. *Equitable Life Ins. Co.* 188 Minn. 139. *Penn Mutual Life Ins. Co.* v. *Milton,* 160 Ga. 168. *Plummer* v. *Metropolitan Life Ins. Co.* 132 Maine, 220.

Provisions contained in the policy in this case show that certain lifelong disability was not required to put into effect the provision for disability payments. Payments were to be made only "during the continuance of such disability," implying that the disability, though of a permanent nature, might come to an end, and that if it should end the payments made were not to be repaid. Payments were not to begin until after due proof that the total and permanent disability "has already continued uninterruptedly for a period of at least three months," thus implying that there may be a permanent disability that ceases within three months. Periodically the company might require "due proof of the continuance of such disability." If the disability should cease to be total, "the monthly income herein provided shall immediately cease, and all premiums thereafter falling due shall be payable."

The policy contains no provision like the one in *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505, 510, that if total disability exists for a period of ninety consecutive days, the "disability shall be presumed to be permanent." See also *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397. In the present case, disability payments do not begin until "such disability has already continued uninterruptedly for a period of at least three months"; but the disability from the beginning of that period must have been of a total and permanent character. The fact that the plaintiff was totally disabled for more than three months raises no presumption and is in itself no evidence that his disability was of a permanent nature.

It may well be that the fact that the plaintiff recovered from his disability before bringing action is not of itself proof that his disability was not of a permanent nature giving rise

to a vested cause of action for disability benefits which was not taken away by his subsequent recovery. *New England Mutual Life Ins. Co.* v. *Hurst,* 174 Md. 596. *Penn Mutual Life Ins. Co.* v. *Milton,* 160 Ga. 168. *Maze* v. *Equitable Life Ins. Co.* 188 Minn. 139. *Bahneman* v. *Prudential Ins. Co.* 193 Minn. 26. *Plummer* v. *Metropolitan Life Ins. Co.* 132 Maine, 220. *Laupheimer* v. *Massachusetts Mutual Life Ins. Co.* 224 Mo. App. 1018. Compare *Ginell* v. *Prudential Ins. Co.* 237 N. Y. 554, reversing 205 App. Div. (N. Y.) 494; *Garabedian* v. *Metropolitan Life Ins. Co.* 135 Pa. Super. Ct. 320.

The difficulty with the plaintiff's case is that there was no evidence warranting a finding that the total disability was ever of a permanent nature so as to come within the protection afforded by the policy. The injury consisted of fractures of one bone in the knee and another in the toe of the right leg and foot, and a strain of the left leg. For all that appeared there was never any doubt that total disability would cease in a few months. The plaintiff relies on the continuance of total disability for three months. But that was not enough to show that the disability was other than a temporary one. The direction of a verdict for the defendant was right.

*Judgment for the defendant on the verdict.*