In the Matter of the Transfer Tax upon the Estate of SEYMOUR J. HYDE, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; JAMES J. ALLEN et al., as Executors, Respondents.

Surrogate's Court — transfer tax — motion to exempt estate from the transfer tax — when moving affidavits, made on information and belief, empower surrogate to appoint referee to take evidence and report.

On a motion to exempt an estate from a transfer tax on the ground that decedent was at the time of his death a non-resident of this state the executors presented to the Surrogate's Court affidavits setting forth facts tending to establish that he was a resident of another state. The attorney for the comptroller filed an affidavit in opposition in which he alleged that he "is informed and verily believes that said decedent was in fact a resident of the state of New York at the time of his death and accordingly deponent is desirous of having the residence of this decedent determined by this court." *Held*, on construing section 2546 of the Code of Civil Procedure, that the moving affidavits were sufficiently controverted by objection, and an order was properly made appointing a referee to take the testimony and report.

*Matter of Hyde*, 169 App. Div. 568, reversed.

(Argued April 13, 1916; decided April 25, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 10, 1915, which reversed an order of the New York County Surrogate's Court denying a motion to exempt the estate of Seymour J. Hyde from a transfer tax and granted said motion.

The facts, so far as material, are stated in the opinion.

*Schuyler C. Carlton* and *Lafayette B. Gleason* for appellant. A transfer tax proceeding is a special proceeding and the affidavit interposed on behalf of the comptroller was sufficient to raise an issue or at any rate to authorize testimony to be taken with the right to cross-examine the witnesses. (*Amherst College* v. *Ritch,* 151 N. Y. 282; *Morgan* v. *Warner,* 45 App. Div. 424; 162 N. Y. 612; *Matter of Bishop,* 111 App. Div. 545; *Matter of Hale,* 45 App. Div. 578; *Willis* v. *Greene,* 1 Wend. 78.) The construction of section 2546 given by the Appellate Division deprives the surrogate of the right to call witnesses before him and deprives the adverse party of the right of cross-examination. (2 Wigmore on Ev. 1697; *Jackson* v. *Kniffin,* 2 Johns. 35; *Celluloid Mfg. Co.* v. *E. D. P. Co.,* 42 Fed. Rep. 159; *Hewlett* v. *Wood,* 67 N. Y. 394; *Bradley* v. *Merrick,* 91 N. Y. 293.)

*James J. Allen* and *Walter L. Worrall* for respondents. The non-residence of the decedent was established by "due proof" perforce of section 2546 of the Code of Civil Procedure and the respondents, executors, were entitled as of right to the order asked for exempting the estate from taxation. (*Paige* v. *Willet,* 38 N Y. 28; *Fleischman* v. *Stearn,* 90 N. Y. 110.) The surrogate had no authority to appoint a referee "to hear and determine" the question of the decedent's residence. (*Woodward* v. *Musgrave,* 14 App. Div. 291.)

POUND, J. On a motion to exempt the estate of Seymour J. Hyde from the transfer tax on the ground that the decedent was at the time of his death a non-resident of this state, the executors named in his will presented to the Surrogate's Court affidavits setting forth facts tending to establish that he was a resident of Connecticut. The attorney for the comptroller of the state of New York filed an affidavit in opposition to the motion in which he set forth that he "is informed and verily believes that said decedent was in fact a resident of the State of

New York at the time of his death and accordingly deponent is desirous of having the residence of this decedent determined by this court, and respectfully requests that this court deny the present motion * * * and refer the matter of the residence of this decedent to some proper person." The surrogate thereupon denied the motion to exempt and made an order of reference "to take testimony and to hear and determine the question of the residence of said decedent and to make report," etc.

It is conceded that this order, except so far as it directs the referee "to take and report to the surrogate the evidence upon the facts" (Code Civ. Pro. § 2536), is unauthorized. The Appellate Division reversed the order and granted the motion to exempt the estate from taxation on the ground that the allegations of the executors' affidavits were not controverted by the affidavit read in opposition thereto and that they, therefore, must be taken as true and as due and sufficient proof of non-residence. In the recent revision of the provisions of the Code of Civil Procedure relating to Surrogates' Courts (L. 1914, ch. 443) a new section appears, which reads as follows: "§ 2546. *Uncontroverted allegations constitute due proof.*— Except as otherwise provided by law, a petition, affidavit or account filed in a special proceeding shall be *due proof of the facts* therein stated, unless controverted by answer, *objection* or other proof." The court below gives the same force to this section as if it read, "every material allegation of an affidavit, not controverted by the answering affidavit *must*, for the purpose of the pro ceeding *be taken as true*." (Code Civ. Pro. § 522.) We think that this construction is unnecessarily strict. The entire proceeding was informal. Duly verified petition and answer should have been filed. (Code Civ. Pro. §§ 2519–20.) A denial of any knowledge or information sufficient to form a belief as to the allegations of the petition would then have sufficiently and properly controverted the same and put the moving parties to their

proof. Doubtless systematic and orderly methods of procedure should commend themselves to the legal profession and to the courts nor should laxity and informality be encouraged. At the same time, the ends of justice do not require that the strict rule applicable to pleadings in actions in courts of record should be so harshly applied to this proceeding. The revisers say in their note that the purpose of section 2546 was "to obviate the supposed necessity of offering oral proof to substantiate uncontroverted allegations, due probably to the fact that in former years petitions were sometimes made orally." (Supplement to Bliss's and Stover's Annotated Code Civ. Pro. 1913–1915.) The words "due proof," therefore, as used in the section would seem to have the meaning merely of "proper or legal proof." The moving affi· davits are in the nature of testimony rather than pleadings. Wigmore (Vol. 2, p. 1697) points out that no statement unless by special exception should be used as testimony until it has been probed and submitted to the test of cross-examination, "the greatest legal engine ever invented for the discovery of truth." *Ex parte* affidavits, although truth may often be found therein, are weak evidence, to be received with caution in any case. The executors here claim exemption from taxation of an estate said to be more than $2,000,000 in value, and the right of the state to cross-examine their witnesses ought not to be defeated by technical defects or insufficiencies in answering affidavits. (Code Civ. Pro. § 768.) The latter sufficiently controvert by objection the moving affidavits and empower the surrogate in his discretion to appoint a referee to take evidence of the facts, nor should we go so far as to hold the surrogate powerless to require the production of witnesses on his own motion where such affidavits although uncontroverted are, in his judgment, unsatisfactory proof of the facts alleged.

The order of the Appellate Division should be reversed and the order of the Surrogate's Court modified by strik-

ing out all but that part thereof which appoints a referee to take the testimony and report, and as thus modified affirmed, without costs.

Willard Bartlett, Ch. J., Hiscock, Collin, Cuddeback, Hogan and Seabury, JJ., concur.

Ordered accordingly.