STANDARD ACC. INS. CO. v. BENNETT.*

(Circuit Court of Appeals, Eighth Circuit.
December 14, 1926.)

No. 7248.

1. Insurance ⬩542(1)—"Proofs of loss" in a policy is a technical term, meaning formal proofs on prescribed forms; "due proof of loss."

The term "Proofs of loss" in an insurance policy is a technical term, having a definite meaning, and requiring formal proofs on prescribed forms, but the expression "due proof of loss" is less formal, and the requirement may be met by any adequate proof.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Due Proof; First and Second Series, Proof of Loss.]

2. Insurance ⬩542(1)—Failure of insured in accident policy to demand payment of indemnity each eight weeks during disability, as permitted, held not to preclude recovery of accrued payments.

In an accident policy a provision that in case of injury, "upon request of the insured, and subject to due proof of loss," indemnity for loss of time will be paid at the expiration of each eight weeks during the disability, is for the benefit of insured, and the fact that request is not made each eight weeks works no injury to insurer, and does not preclude insured from recovering accrued payments for a longer period.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by Frederick D. Bennett, by Harris N. Bennett, his guardian, against the Standard Accident Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

M. U. Hayden and Anderson, Gilbert & Wolfort, all of St. Louis, Mo., for plaintiff in error.

Lee W. Hagerman, of St. Louis, Mo. (Abbott, Fauntleroy, Cullen & Edwards, of St. Louis, Mo., on the brief), for defendant in error.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. March 27, 1915, the defendant in error took out an accident insurance policy in the Standard Accident Insurance Company wherein plaintiff in error, in consideration of a stated premium, promised, among other things, to pay to the insured a weekly indemnity of $25 for total disability, resulting from bodily injuries effected directly by external, violent, and accidental means. The petition alleges

*Rehearing denied February 21, 1927.

16 F.(2d)—46

that on or about the 25th day of September, 1916, the insured sustained such injuries through the accidental inhalation of illuminating gas, resulting in total disability. Initial proofs of loss were duly made. Plaintiff in error denied liability. On October 17, 1916, defendant in error was declared a person of unsound mind, and incapable of managing his affairs, and a guardian of his person and estate was appointed; that guardianship continued throughout the proceedings now before us. August 28, 1917, defendant in error, by his said guardian, brought suit, in the state court at St. Louis, against plaintiff in error to recover indemnity for 48 weeks, then alleged to be due and payable. The trial resulted in a judgment for the plaintiff, which was reversed because it was held that the issue of alleged vexatious refusal to pay should not have been submitted. Bennett v. Standard Accident Insurance Co., 209 Mo. App. 81, 237 S. W. 144. A second trial again resulted in a judgment for the insured, which, upon appeal, was affirmed. Bennett v. Standard Accident Insurance Co. (Mo. App.) 264 S. W. 27. Rehearing was denied July 11, 1924.

Meanwhile, on April 19, 1919, defendant in error, by guardian, filed a second suit, seeking to recover indemnity installments from August 28, 1917, to April 15, 1919—a period approximately of 90 weeks. By stipulation it was agreed that this second suit should abide and be governed by the final judgment in the first suit. The resulting judgments were paid in November, 1924. November 19, 1924, defendant in error made demand upon plaintiff in error for payment of indemnity installments for the period between April 15, 1919 and November 25, 1924—a period of 292 weeks. The insurance company failed to pay, and, on November 25, 1924, this suit was filed in the circuit court of the city of St. Louis. On the ground of diversity of citizenship it was subsequently removed to the District Court of the United States for the Eastern District of Missouri. A jury being waived, trial to the court resulted in judgment for the insured.

By its answer plaintiff in error admits that in the previous litigation it was established that the insured did sustain bodily injuries through external, violent, and accidental means within the provisions of the policy, whereby said Bennett was totally disabled from the 25th day of September, 1916, up to the date of said original suit; that in said suit the liability of defendant for the injuries was determined, but that the character,

extent, and duration of the alleged disability were not determined. The answer further alleges, "that in and by the terms of said policy it is provided that the loss is not payable until proof of loss is furnished after the termination of the disability for which claim is made, except that upon request of the insured, and upon the furnishing of due proof of loss on account of disability, the indemnity will be paid at the expiration of each 8 weeks during the continuance of the period for which the company is liable, and further that full compliance of the insured and beneficiary with all said conditions is a condition precedent to recovery thereunder."

The answer further alleges that no proof of loss has been furnished to the defendant; that the alleged disability has continued; that no demand has been made for the amount due; and that, therefore, this suit cannot be maintained. The parts of the policy material to this controversy are the following:

"D. (4) Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury.

"F. (6) The company, upon receipt of such notice, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made.

"G. (7) Affirmative proof of loss must be furnished to the company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the company is liable, and in case of claim for any other loss, within ninety days after the date of such loss.

"J. (10) Upon request of the insured, and subject to due proof of loss, all accrued indemnity for loss of time on account of disability will be paid at the expiration of each eight weeks during the continuance of the period for which the company is liable, and any balance remaining unpaid at the termination of such period will be paid immediately upon receipt of due proof."

Practically the sole contention in the instant case is that the indemnity accruing under the policy for loss of time from disability is not payable until the termination of the period for which the company is shown to be liable by formal proofs of loss furnished within 90 days after the termination of that period, except that under the provisions of paragraph J (10), upon request of the insured, indemnity will be paid at the expiration of each 8 weeks during the continuance of the period for which the company is liable, and that to entitle the insured to such payments during the period of disability, and before its termination, a request by the insured and due proof of loss are conditions precedent. It is contended that no request for payments each 8 weeks was made, nor proofs of continuing disability furnished, prior to the bringing of this suit, and that defendant in error, therefore, cannot recover in this action.

The record discloses that the two prior suits were filed without formal requests for payments in periods consisting of 8 weeks, nor for any other period, except in the form of the petitions in those suits. In the first suit filed, which proceeded to final judgment in the St. Louis Court of Appeals, this express defense was raised by answer as follows: "Defendant states that it was not requested by the plaintiff to pay the indemnity alleged to be due for disability claimed to have been suffered by plaintiff, nor was it furnished with proof of such alleged disability at the expiration of each 8 weeks during the continuance thereof, nor was it furnished with proof of loss within 90 days after the termination of such alleged disability, for which reasons plaintiff is not entitled to any indemnity for such alleged disability."

This matter of defense is not referred to in the opinion of the state Court of Appeals. 264 S. W. 27, supra. It does not appear from the exhaustive consideration of the points urged by the insurance company that emphasis was laid upon this allegation by counsel for plaintiff in error; however, it was one of the issues framed. The state court, to decide as it did, must have found that the requisite proofs of loss had been made; that due proof of disability was shown; and that defendant in error could maintain its action for the 48 weeks for which it sued instead of being limited to each recurring 8-week period.

The second suit was for about 90 weeks. Plaintiff in error permitted this suit to abide judgment in the first suit, and afterwards paid the judgment, thus indirectly accruing, without suggestion or objection, that the alleged crucial conditions of request and proof of disability had not preceded the filing of that suit.

[1] The trial court, in its opinion, calls attention to the fact that in paragraph J (10)

the technical expression "proofs of loss" is not employed. This expression has a definite meaning in law. The words used in this paragraph are "due proof of loss." That this is less formal than the proofs submitted upon forms furnished by the company is conceded by counsel for plaintiff in error in their reply brief. They say: "In this case, the only proof necessary would be a statement or affidavit of his doctor."

[2] It will further be noted that paragraph J (10) does not read "upon request of the insured and the furnishing of due proof of loss"; instead, it provides "upon request of the insured and subject to due proof of loss." Of course, the loss, that is to say, the "continued total disability," must be proved before recovery, and was proved at the trial. Defendant in error made demand for accrued indemnity covering 292 weeks; 6 days later it filed suit to recover the same. These acts constituted substantial requests. Upon complaint by counsel that suit had been filed without opportunity for proper consideration, defendant in error offered to accept payment without costs because of the filing. Plaintiff in error made no overtures for settlement, nor demanded proofs, but, so far as the record discloses, assumed an attitude of resistance to the claim; its apparent position being that, because no specific request had been made for payments in periods of 8 weeks, with repeated proofs of continued disability, no liability would accrue until the termination of that disability which might, and in this case probably would, be coincident with the death of the insured.

The provision of the policy would probably excuse the insurer from making payments for periods of less than 8 weeks, but we see no reason why the insured is restricted to that precise period. As the trial court said, this provision was evidently made for the benefit of the insured. Recovery for a longer period than 8 weeks during the continuance of disability can work no injury to plaintiff in error, and does no violence to the language of the contract. This view, and the further considerations of liability under the policy, which has been established, the continuous disability which has been proved, and the attitude of plaintiff in error in the prior litigation, amounting, if not to waiver, to implied acceptance of the interpretation placed upon the contract by defendant in error, compel the conclusion that this defense is without substantial merit. It follows that the judgment below should be affirmed.

And it is so ordered.