[Civ. No. 7741. First Appellate District, Division Two.—February 13, 1931.]

CHESTER GILBERT BAGNALL, Respondent, v. THE TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

O'Melveny, Tuller & Myers and J. R. Girling for Appellant.

F. Britton McConnell for Respondent.

SPENCE, J.—Plaintiff sought to recover the benefits to which he claimed to be entitled under the disability provisions of three life insurance policies. Upon a trial by the court sitting without a jury judgment was entered in favor of plaintiff, from which judgment defendant appeals.

On July 19, 1926, plaintiff became totally disabled as the result of a disease known as hyper-thyroidism and remained so totally disabled from that date until February 14, 1927. Plaintiff returned to work on February 15th and was not totally disabled thereafter. The court found that "plaintiff became wholly disabled by a disease and was prevented thereby from engaging in any occupation or employment for wages or profit for a period of more than three consecutive

months, to-wit, from July 19, 1926, to February 14, 1927 . . . ''; that ''said disease was of such a nature that such total disability might have been and was likely to have been permanent and have continued for life''; and that ''during said period, due proof of a claim under said policies that such disability would be permanent and continue for life, was pending''. .Thereupon the court awarded plaintiff disability benefits under the policies covering the period from July 19, 1926, to February 14, 1927.

The main question presented on this appeal involves the construction of the disability provisions of the policies. Appellant contends that recovery under the policies depends upon due proof of a disability which is both total and permanent.

The disability provisions of the three policies were the same and the following paragraphs contained in all three of the policies will be numbered to facilitate reference thereto.

(1) ''Upon due proof that . . . the insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will waive the payment of any premiums which may fall due on this contract during such disability and will pay from the commencement of such disability and during its continuance the disability income stated on the first page of this contract. . . . ''

(2) ''Independently of all causes the company will consider as permanent total disability the entire and irrecoverable loss of the sight of both eyes, or of use of both hands or of both feet, or of one hand and one foot.

(3) ''Pending due proof of a claim hereunder in behalf of the insured that an existing total disability will be permanent and continue for life, when it shall appear that the insured has been wholly disabled by bodily injuries or disease and has been prevented thereby from engaging in any occupation or employment for wage or profit for a period of not less than three consecutive months, the company will grant the aforesaid benefits from the commencement of such disability and during its continuance.''

We find no merit in appellant's contention that the insured was not entitled to the benefits of the policies in the

absence of due proof that the disability was both total and permanent. The authorities in other jurisdictions construing somewhat similar policies are not harmonious. (*Penn Mutual Life Ins. Co.* v. *Milton,* 160 Ga. 168 [40 A. L. R. 1382, 127 S. E. 140] ; *Wenstrom* v. *Aetna Life Ins. Co.,* 55 N. D. 647 [54 A. L. R. 289, 215 N. W. 93] ; *Shipp* v. *Metropolitan Life Ins. Co.,* 146 Miss. 18 [111 South. 453] ; *Hawkins* v. *John Hancock Mutual Life Ins. Co.,* 205 Iowa, 760 [218 N. W. 313] ; *Ginell* v. *Prudential Ins. Co.,* 237 N. Y. 554 [143 N. E. 740] reversing 205 App. Div. 494 [200 N. Y. Supp. 261].) But in none of the policies involved in the cases cited were provisions to be found similar to those contained in the above paragraph (3). We may assume that in the absence of paragraph (3) recovery by the insured would depend in all cases, except those specifically mentioned in paragraph (2), "upon due proof" that the insured had become totally and permanently disabled, but in the nature of things the difficulty of making due proof that a total disability is permanent is at once apparent. Injuries or diseases, including hyper-thyroidism, tuberculosis and others, may totally disable a person for a long period of time. The person so injured or afflicted may be totally disabled for life or on the other hand skilful care and treatment over a period of time may demonstrate that he has made a complete or practically complete recovery resulting only in a partial disability, if any. In many cases time alone will determine whether the total disability was in fact permanent or temporary. Until the necessary time has elapsed in a given case the making of due proof that the total disability is permanent is practically impossible.

As we view the policies, the difficulty of making such proof of the permanency of the total disability is recognized and paragraph (3) is added to cover the numerous cases in which a total disability exists for more than three months with a possibility that such total disability will continue indefinitely. The first words of paragraph (3) are 'Pending due proof of a claim. . . . " None of the words employed in this phrase are defined in the policies. It should be further noted that the policies are silent regarding the type of notice, claim, or due proof that is required. In modern usage, the word "pending" more frequently has the sense of "while awaiting" and the word "due" means "adequate; suffi-

cient''. (Webster's New International Dictionary.) Without resorting to a liberal construction but merely giving to these words their ordinary meaning, we construe paragraph (3) to mean that while awaiting adequate and sufficient proof of a claim that an existing total disability lasting for at least three months will be permanent, the company will grant the benefits during the continuance of such total disability. As so construed, the insured was not only entitled to the disability benefits under the policy *upon* ''due proof'' as provided in paragraph (1) but was also entitled to the benefits *while awaiting* ''due proof'' of his claim under the circumstances set forth in paragraph (3). Where, as found by the court in the present case, there is a total disability exceeding three months occasioned by a disease which is of such a nature that it may result in permanent total disability and a claim that such total disability will be permanent is pending and awaiting adequate and sufficient proof of such permanency, the insured is clearly entitled under paragraph (3) to the disability benefits of the policy during the continuance of the total disability.

The findings made by the trial court find adequate support in the evidence and admissions made by the pleadings and no direct attack is made upon any of said findings. ■ Appellant in its briefs lays great stress on the fact that respondent admitted on the trial that he was not totally disabled on February 16, 1927, at which time he filed with the company a statement on the company's form entitled ''Claimant's Statement—Permanent Total Disability Claim'', in which statement he said ''only recently recovery of my condition was assured me''. If we understand appellant's contention, it claims first that such testimony and statement affirmatively show that the total disability was not in fact permanent and second, that such testimony and statement further show that respondent's total disability had terminated when this claim or claimant's statement was filed. We find no merit in the first point that the total disability was not in fact permanent for the reasons hereinabove stated. ■ We believe that the second point is likewise without merit owing to the answer in which appellant ''admits that on or about October 19, 1926, plaintiff gave an alleged notice to defendant that he, the plaintiff, claimed to be wholly disabled by a disease of such a nature that such total disability

might be permanent and continue for life and was then, and for more than three consecutive months immediately preceding had been, prevented by such alleged disability from engaging in any occupation or employment for wage or profit''. Conceding without deciding that under paragraph (3) of the policies the assured must give notice of a claim during the existence of the total disability and before its termination, the admission by appellant that respondent gave notice of such claim on October 19, 1926, is sufficient, no particular form of claim or notice of claim being required by the terms of the policy.

Two further points are urged by appellant. ■ Error is claimed in the admission of certain oral and documentary evidence relating to two health policies which the respondent carried with the appellant company, which policies covered total disability without regard to its permanency. By its answer appellant had denied that respondent's disability was either total or permanent. The admission of the evidence relating to the health policies was not error as it was offered and admitted solely on the issue of whether the disability was total and as an admission of the appellant by the payment of the benefits under the health policies that respondent's disability was total. ■ The other point raised relates to alleged error in admitting evidence of conversations with appellant's agent relating to the coverage of the policies at the time of their purchase. If any error existed in the admission of this testimony it was not prejudicial. Under the wording of paragraph (3) of the policies, construed without resort to parol evidence, respondent was entitled to recover.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.