## BERNSTEIN v EQUITABLE LIFE ASSURANCE SOCIETY

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 20, 1933

Elmer T. Phillips, Youngstown, for plaintiff in error.

Manchester, Ford, Bennett & Powers, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

It is quite evident that it is the custom of insurance companies not to permit employes to say or do anything which may

injuriously affect the insurance companies, or make unfortunate admissions. This woman made several visits from time to time to the Insurance Company. She did not get the policy, did not find out anything about it. Later her twelve year old son, David Bernstein, called and inquired about the policy, and again a fellow countryman by the name of Cohen called at the insurance company's office. He did not know anything more about the insurance policy than the Bernsteins did, but very kindly offered to assist. They never seem to have found the agent, Lee J. Baughman, and no proofs were offered to the company in writing or otherwise of the disability of the insured, but the matter drifted along until September, 1932, and then Mr. Baughman, the agent, learned, as he claims, for the first time, that this man was ill and had been making inquiries with regard to the policy. He promptly wrote to the company, making a statement as to what he knew regarding this matter, and had blanks forwarded to him, which were filled out, and affidavits of doctors, copies of which are not in the record. The claim was filed with the company and the company promptly allowed the claim of $25.00 per month, commencing, however, on the 21st day of September, 1932, when it is contended by the company that the first claim under the terms of the policy was really made. A careful reading of the testimony of the plaintiff's witnesses discloses that there was never anything said to anyone in the office to the effect that the insured was permanently disabled. There were some statements made that he was ill and they desired to secure possession of the policy and know what the insured's rights were thereunder.

It is unfortunate that the Bernsteins did not secure the services of some one informed in such matters so that a formal claim be furnished and the company thus become advised of what was desired on the part of the insured. Bachman testifies that he saw Bernstein, with whom he was acquainted, during this time and on several occasions he was pursuing his business and selling poultry and produce, and knew nothing of his disability until this later date.

Now, the policy requires due proof of permanent disability. Bouvier defines proof:

"The conviction or persuasion of the mind of a judge or jury by the exhibition of evidence of the reality of a fact alleged."

Due proof is defined in In Re Hyde's Estate, 112 NE, 581; 218 N. Y., 55, as follows:

"The words 'due proof' as used in Code civil procedure, §2546 GC, added by laws 1914 C 443, providing that allegations of an affidavit shall be due proof unless controverted by answer, objection or other proof, mean merely proper or legal proof."

Another definition is found in Standard Accident Insurance Company v Bennett, 49 A.L.R., 1524:

"The term 'proofs of loss' in an insurance policy is a technical term, having a definite meaning and requiring formal proofs in prescribed forms, but the expression 'due proof of loss' is less formal, and the requirement may be met by any adequate proof."

No question is made by the insurance company of the sufficiency of the proof made in September, 1932, but we think no doubt can be entertained of the insufficiency of the information previously given by the wife, the son and the friend on these various visits to the insurance office to constitute proof of a permanent total disability, which never seems to have been mentioned in any of these conversations.

At the close of the evidence in the case it was said by counsel for the insurance company, among other things:

"We will consent, if the court please, that judgment be entered against the defendant from the time which we have claimed to have received notice and proof of disability, to-wit: September 21, 1932, to the date the petition in this case was filed."

Counsel for the insurance company having made this admission, and as a matter of fact it was also made in the opening statement before evidence was introduced, the only proposition in dispute is as to whether or not the insured was entitled to these payments previous to the 21st of September, 1932, or from December, 1930.

Motion having been made for a directed verdict, the trial judge, evidently of the opinion that no case had been made for a claim prior to September 21, 1932, instructed the jury to return a verdict for the plaintiff in the sum of $125.00, which was the amount of the monthly payments which would accrue between the 21st of September, 1932 and the date of the filing of the petition.

The verdict as directed was returned by the jury, and as perhaps stated before the

only issue is as to whether the plaintiff in this case was entitled to these monthly payments previous to September, 1932.

We are wholly in accord with the trial court upon that proposition that there was not evidence constituting the requirement of due proof of any earlier date, and the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

FARR and POLLOCK, JJ, concur.