CLARENCE E. MITCHELL v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

(Filed 24 January, 1934.)

**1. Insurance M c: R c—**

Evidence of insured's total disability and submission or waiver of due proof thereof held sufficient to be submitted to the jury.

**2. Insurance R c—Subsequent recovery precludes right of action on clause providing for total permanent disability.**

The policy of insurance sued on in this case provided for monthly payments to insured if he should become totally and permanently disabled and provided that disability should be presumed permanent when it had existed for a period of not less than three months, and reserved to insurer the right to require proof of continuance of disability from time to time, the benefits to cease upon termination of disability. Insured proved total disability for sixteen and one-half months and admitted complete recovery thereafter, and brought suit after complete recovery to recover disability benefits for the period of disability. *Held*, insured was not entitled to recover, since the policy covers only total permanent disability, the provision that disability should be presumed permanent after three months being for the benefit of insured to allow payments in cases where doubt exists whether disability is permanent or temporary, and not being intended to create a conclusive or irrebuttable presumption.

**3. Insurance E b—**

While the courts will construe an ambiguous policy of insurance strictly against the insurer, they cannot enlarge the liability of the insurer beyond the clear provisions of the policy.

APPEAL by defendant from *Cranmer, J.*, at March Term, 1933, of WAKE.

Civil action to recover on a total and permanent disability clause in a policy of life insurance.

Upon receipt of the payment in advance of the first annual premium of $961.25, the defendant, on 28 March, 1922 (rewritten 15 March, 1929), issued to the plaintiff a $25,000 life insurance policy, containing, among other things, the following provisions:

"And further, if the insured becomes wholly and permanently disabled before age 60, the society will waive subsequent premiums and pay to the insured a disability annuity of two hundred fifty dollars a month, subject to the terms and conditions contained on the third page hereof."

The provisions on the third page of the policy, referred to in the above clause, are as follows:

"TOTAL AND PERMANENT DISABILITY.

"(I) Disability benefits before age 60 shall be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the insured's age at nearest birthday is 60 years, in which event the society will grant the following benefits:

"(a) Waive payment of all premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent disability; and

"(b) Pay to the insured a monthly disability-annuity as stated on the face hereof; the first payment to be payable upon receipt of due proof of such disability and subsequent payments monthly thereafter during the continuance of such total and permanent disability. . . .

·"Disability shall be deemed to be total when it is of such an extent that the insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months. . . .

"(III) Recovery from disability. The society shall have the right at any time or times during the first two years after receipt of such proof of disability, but thereafter not more frequently than once a year, to require proof of the continuance of such total disability. If the insured shall fail to furnish satisfactory proof thereof, or if it appears at any time that the insured has become able to engage in any occupation or perform any work for compensation of financial value, no further premiums will be waived and no further disability-annuity payments will be made hereunder on account of such disability."

This action was instituted 1 October, 1932, and the jury has found from the evidence offered on the hearing that the plaintiff, who is 46 years of age, became totally disabled from bodily injury or disease, within the meaning of the policy and while it was in force, on 1 January, 1931, which total disability continued until 15 May, 1932; that due proof of such disability was submitted to the defendant by the plaintiff as required by the terms of the policy; and that plaintiff was entitled to recover according to the terms of the total and permanent disability clause.

Defendant appeals, assigning as errors the refusal of the court to sustain its demurrers interposed to the complaint and to the evidence.

*J. M. Broughton* for plaintiff.
*S. Brown Shepherd* for defendant, *Charles U. Harris* of counsel.

STACY, C. J. As was said in the companion case of *Mitchell v. Assurance Society, ante,* 721, while the evidence on the issue of plaintiff's total disability within the meaning of the policy from 1 January, 1931, to 15 May, 1932, and the submission or waiver of due proof thereof, is somewhat equivocal, nevertheless it is sufficient to carry the case to the jury so far as these questions are concerned. *Misskelley v. Ins. Co., ante,* 496, 171 S. E., 862.

But the provisions of the present policy, upon which plaintiff seeks to recover, are different from those appearing in the companion suit, just decided. Here, the disability must be both total and permanent

before any recovery can be had. *Brod v. Detroit Life Ins. Co.*, 253 Mich., 545, 235 N. W., 248.

The question then occurs: Can a total disability arising from bodily injury or disease which has lasted for only sixteen and one-half months, and from which the assured has completely recovered prior to action brought, be regarded as a "permanent disability" within the meaning of the policy in suit? It would seem to be a contradiction in terms to say that a disability, admittedly temporary, is to be regarded as permanent. The policy does not protect the plaintiff against a temporary disability. To be compensable, the disability must be both total and permanent. Hence, a temporary total disability, even for sixteen and one-half months, followed by complete recovery before the institution of suit, is not within its terms. *Grenon v. Ins. Co.*, 52 R. I., 456; *Ginell v. Prudential Ins. Co.*, 237 N. Y., 554; *Hawkins v. Ins. Co.*, 205 Ia., 760; *Shipp v. Ins. Co.*, 146 Miss., 18; *Mackenzie v. Assurance Society*, 251 N. Y., Supp., 528; *Ins. Co. v. Noe*, 161 Tenn., 335; *Doyle v. Ins. Co.*, 168 Ky., 789; *Hollobaugh v. Ins. Asso.*, 138 Pa., 595; 7 Couch on Insurance, 5782; Joyce on Insurance (2 ed), 5246; 1 C. J., 466. *Contra Penn Mut. L. Ins. Co. v. Milton*, 160 Ga., 168, 127 S. E., 140, 40 A. L. R., 1382, and cases cited. See, also, *Losnecki v. Ins. Co.*, 106 Pa. Super. Ct., 259, 161 Atl., 434.

Speaking to the question in *Metropolitan L. Ins. Co. v. Blue*, 222 Ala., 665, 133 So., 707, 79 A. L. R., 852, *Bouldin, J.*, delivering the opinion of the Court, said:

"Appellee conceives that because the policy provides for payments to begin within three months after total disability intervenes, and because the insurer reserves the right to call additional proofs from time to time after accepting proofs of permanent total disability, the expression 'totally and permanently disabled' covers that disability for three months, or some other undefined period. Some authority for such construction is not lacking. But the great weight of authority is otherwise, and for good reason. 'Permanent' has a well-known obvious meaning; is in contradiction to 'temporary,' so used in legal enactments as well as contracts. The construction insisted upon would wipe out all distinction between 'temporary' and 'permanent' disability.

"So, the provisions mentioned are properly construed as affording a reasonable time to ascertain whether the disability is 'total and permanent,' and to keep open the question if after events disclose that it was not in fact permanent, but only reasonably appeared so to be," citing many authorities for the position.

There is a natural feeling that after an insurance company has received its premiums, it ought not to be allowed to escape liability or to avoid responsibility, and the just rule is that policies will be construed strictly against the insurers and in favor of the assured. *Conyard v. Ins.*

*Co.,* 204 N. C., 506, 168 S. E., 835. "The policy having been prepared by the insurers, it should be construed most strongly against them." *Bank v. Ins. Co.,* 95 U. S., 673; 14 R. C. L., 926. But it is not the province of the courts to construe contracts broader than the parties have elected to make them, or to award benefits where none was intended. *Guarantee Co. v. Mechanics' Bank,* 183 U. S., 402.

In the case of *Grenon v. Met. L. Ins. Co., supra,* the Supreme Court of Rhode Island dealt with similar provisions in a policy of life insurance in a manner accordant with the weight of authority, as follows:

"The fact that plaintiff proved a total temporary disability does not entitle him to compensation. The proof required is of total and permanent disability. The word permanent does not mean temporary. Its normal and natural meaning in an insurance policy is the same as it is in common every day speech. Unless the provisions of the entire policy clearly show that a vital word is inaccurately used such word should be given its usual meaning.

"The policy also provides as follows: 'Notwithstanding that proof of disability may have been accepted by the company as satisfactory, the insured shall at any time, on demand from the company, furnish due proof of the continuance of such disability, but after such disability shall have continued for two full years the company will not demand such proof more often than once in each subsequent year. If the insured shall fail to furnish such proof, or if the insured shall be able to perform any work or engage in any business whatsoever for compensation or profit, the monthly income herein provided shall immediately cease, and all premiums thereafter falling due shall be payable according to the terms of said policy and of this supplementary contract.'

"The provision for the beginning of payments was clearly intended to secure to the insured the benefits of the policy when there was doubt whether the total disability was permanent. . . .

"Plaintiff relies much on the case of *Penn Mutual Life Ins. Co. v. Milton,* 160 Ga., 168. In that case it was decided that a disability which lasted sixteen months and from which the insured had recovered was a permanent disability within the meaning of the provision of a policy of insurance. The court based its decision upon the construction of the terms of the policy and an implication therein that the insurer contemplated that the disability of the insured might not be permanent and consequently was liable for a total and temporary disability. This case has not been generally followed and is fairly open to the criticism that it does not give due weight to the plain language of the policy."

The provision that "such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months," was not intended to create a conclusive or irrebuttable presumption, but to extend to the assured the benefits of the

policy upon the presumption and finding of permanency though doubt existed as to whether his disability would ultimately prove permanent or only temporary. The plaintiff's admission that he had recovered from his disability at the time suit was brought removed all doubt as to the character of his disability, and is therefore fatal to his case. *Mackenzie v. Assurance Society, supra.*

The position of the plaintiff is, that he has shown a total disability, which, under the terms of the policy, was, for a time at least, presumed to be permanent, and that he is entitled to collect benefits during the period and so long as such presumption continued. But neither the presumption of permanency, nor any provision of the policy, changes it from one indemnifying against total and permanent disability to one covering total and temporary disability, or even to one covering total and presumably permanent disability as was the case in the companion suit above mentioned.

Had suit been brought during the time of plaintiff's illness and a finding had upon the presumption and other evidence that his disability was both total and permanent, he would have been entitled to collect benefits under the policy, subject to discontinuance upon his "recovery from disability" (paragraph III of the policy), but in the face of plaintiff's own admission that his disability was temporary, no jury could find that it was both total and permanent, and no such finding appears on the present record. Totality of disability plus presumption of permanency for a time is the most that has been shown, and this is not within the terms of the policy.

In the last analysis, it all comes to this: The policy covers a total and permanent disability. Plaintiff has shown a total and temporary disability. The disability shown by the plaintiff is not covered by the policy. The demurrers should have been sustained.

Reversed.