# Commonwealth Life Ins. Co. v. Ovesen.
(Decided March 10, 1936).

BATSON & CARY and FAUREST & FAUREST for appellant.

O. M. MATHER and L. B. HANDLEY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the second appeal of this case. The opinion on the prior appeal is reported in 257 Ky. 622, 78 S. W. (2d) 745.

The appellant, Commonwealth Life Insurance Company, on October 2, 1928, issued to August Ovesen a policy of life insurance which contained a rider providing for the payment to him of a monthly income if, as the result of injury or disease, he should become totally and permanently disabled before he reached the age of sixty. In September, 1933, Ovesen brought an action to recover the monthly income provided in the rider, for seven months beginning March 1, 1933. He alleged that, while the policy was in full force and effect, he became totally and permanently disabled, and that on February 24, 1933, he furnished to the insurer in writing, on forms furnished by it, due proof of his total and permanent disability, and that thereupon he became entitled to receive from the insurer a monthly income of $50, beginning March 1, 1933. He recovered a judgment for $350, which was reversed because of errors in the instructions. Before the second trial was had, Ovensen filed two other suits to recover the monthly income provided in the rider, which he alleged had become due after September, 1933. The three cases were consolidated and tried together. The jury returned a verdict in favor of the plaintiff for the full

amount claimed by him, and, from the judgment entered thereon, the defendant appeals. It seeks a reversal of the judgment on the following grounds: (1) The verdict is not sustained by the evidence; (2) errors in the instructions; and (3) admission of incompetent evidence.

The appellee testified that he was twenty-nine years of age at the time of the trial, in May, 1935, and that he was then unable to do any kind of work. He took charge of a 500-acre farm in Larue county after the death of his father in 1927, and continued to work on the farm until May, 1932, when he claims that he became totally and permanently disabled. He first became ill in May, 1932. He was in bed two weeks, and confined to the house four weeks. He weighed 186 pounds at that time, and had always been strong and able to do any kind of farm work. At the time of the trial he weighed 155 pounds. He had not been able to perform any kind of labor since May, 1932, and his condition had gradually grown worse. Appellee's mother, Mrs. Eliza Ovesen, his brother, Jake Ovesen, and two employees on the Ovesen farm, Van Pelt Patterson and Charlie Buster, testified, in substance, that prior to May, 1932, appellee was strong and robust and able to do any kind of farm work, but that subsequent to that time the slightest exertion exhausted him. He lost considerable weight, and if he tried to perform any labor his face became purple and his breathing very heavy and fast. He tried to milk the cows, but his hands would swell until he could not close them. They related a number of instances which tended to indicate that he was very weak and nervous, and unable to perform the ordinary chores about the farm. He consulted a number of physicians, and he was examined by a number of physicians acting on behalf of the appellant. Seven physicians were introduced as witnesses for appellee, and eleven physicians testified for the appellant.

The appellant insists that the verdict is flagrantly against the weight of the evidence, but, in addition to the facts testified to by lay witnesses tending to show total and permanent disability, a number of reputable physicians testified that appellant is totally and permanently disabled. It is true that the medical testimony is conflicting, and that some of the witnesses introduced by appellee were unable to say, after making

a thorough examination of him, just what had caused his weakened condition, but they agreed that his condition was such that he could not and should not work, and that his condition was permanent.

Dr. A. B. Morgan, who is engaged in the practice of medicine in the neighborhood in which appellee resides, met him in the spring of 1932. He appeared to be strong physically at that time. Dr. Morgan examined him a short time before the trial, and found him to be a very weak, nervous man, with a very fast pulse. His pulse rate after resting was 108, and after taking slight exercise it was 138. Dr. Morgan testified that even slight exercise by appellee would be dangerous, and that, in his opinion, he was totally and permanently disabled. Dr. J. C. Shaeffer first examined appellee February 20, 1933. His examination indicated to him that appellee had a severe affliction of the liver. He found him extremely weak, and with a pulse rate of 130 after slight exercise. He made several examinations of appellee thereafter, and testified that he had not been able to work since he had first examined him, and that, in his opinion, his disability was total and permanent. Dr. Leigh Maupin examined appellee in May, 1932, and again in June, 1933, and found him in a run-down condition, losing flesh, and suffering from indigestion. Both his pulse rate and respiration were abnormally high. In his opinion, his condition was due to "the poisoned condition in and about the liver and the gall duct and gall bladder." Dr. Owen Wheeler examined appellee in June, 1933, and he diagnosed the case as acute appendicitis and a diseased condition of the gall bladder. He examined him from time to time and finally on May 24, 1935. At all of these examinations, appellee had soreness and tenderness over the region of the gall bladder and appendix, and he had a pulse rate of 130. In the opinion of Dr. Wheeler, appellee was totally and permanently disabled. The testimony of Dr. W. J. Shacklette was substantially to the same effect. He first examined appellee in June, 1933, and found him to be totally disabled at that time. He examined him in January, April, and May, 1935, and found him to be in substantially the same condition. Dr. R. C. Pearlman of Louisville, first examined appellee on August 9, 1933. Appellee complained of pain in the region of the gall bladder, but Dr. Pearlman was unable to discover any

objective symptoms which indicated the cause, or source, of the pain. He took an X-ray picture of the gall bladder, after giving appellee a special dye, or chemical, which would fill a normally functioning gall gladder and make it visible in an X-ray picture. The X-ray picture taken in this manner disclosed that the gall bladder was not functioning. Dr. Pearlman then sent appellee to Dr. J. Paul Keith, an X-ray specialist, who likewise found that appellee's gall bladder was not functioning. Dr. Pearlman also testifid that appellee had chronic appendicitis and angina pectoris, a serious involvment of the heart. He stated that appellee had been totally and permanently disabled since he first saw him in August, 1933. Appellee was examined by a number of physicians at appellant's instance. Several of them testified that appellee had chronic inflammation of the gall bladder, but that it was a curable disease. Dr. J. Murray Kinsman took an electrocardiograph of appellee's heart, and found no enlargement of the heart. In his opinion, appellee was able to perform the usual duties of a farmer. Several other physicians testified to the same effect.

It will thus be seen that the medical testimony as to the extent and nature of appellee's disability was in sharp conflict. The case was peculiarly one for the jury, and there was an abundance of evidence, by both lay and medical witnesses, to sustain its finding that appellee was totally and permanently disabled.

Appellant insists that the trial court erred in permitting lay witnesses to testify as to appellee's physical condition. We have read the testimony of these four witnesses, and find that the trial court invariably excluded any expression of opinion by the witnesses as to appellee's physical condition, and with meticulous care confined the evidence to statements of facts by the witnesses.

Appellant complains of instruction No. 1, which reads:

"If the jury believe from the evidence that from March 1, 1933, to the present time the plaintiff, August Ovesen, has been as a result of injury or disease totally and permanently disabled so as to be wholly unable to do substantially or practically

all material acts in the transaction of his business as a farmer in his customary and usual manner, you should find for the plaintiff at the rate of $50.00 per month during said time or 26 installments of $50.00 and the further sum of $316.81, the amount of premiums paid by him during said time. Unless you so believe from the evidence you should find for the defendant. Permanently disabled means that his disabilities, if any, are such as to be lasting and indefinite from which he will not recover.''

It is insisted that this instruction was prejudicially erroneous, since it did not permit the jury to find that appellee's total and permanent disability accrued some time after March 1, 1933. The instruction probably is not technically correct, but the issue really presented was whether or not appellee had an incurable disease and was totally and permanently disabled. While there' was some-evidence that his condition had grown worse, all of the witnesses who made such statements testified that he was totally and permanently disabled when they first examined him. The evidence shows that there was little change in his condition from May, 1932, until the date of the trial. The error, if any, in the instruction was not prejudicial.

The judgment is affirmed.